**TROUTMAN SANDERS LLP**
Amanda Lyn Genovese
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
*Attorneys for Defendant Anthem Insurance Companies, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOURDES SPECIALTY HOSPITAL OF SOUTHERN NEW JERSEY, on assignment of Micah V., <br><br>      Plaintiff, <br><br>      v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and ANTHEM BLUE CROSS BLUE SHIELD, <br><br>      Defendants. | CIVIL ACTION NO: <br> HON.: <br><br> **NOTICE OF REMOVAL** <br><br> **Document Electronically Filed** |

**TO**:   CHIEF JUDGE AND JUDGES OF
         THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY

**ON NOTICE TO**:

Deputy Clerk, Superior Court of New Jersey
Burlington County Courthouse
49 Rancocas Road
Mount Holly, NJ 08060

Michael Gottlieb, Esq.
Callagy Law, P.C.
650 From Road, Suite 565
Paramus, NJ 07652
Telephone: (201) 261-1700

Michelle M. Smith
Clerk of the Superior Court of New Jersey
Hughes Justice Complex
25 West Market Street
Trenton, NJ 08625

Michael E. Holzapfel, Esq.
Becker LLC
Revmont Park North
1151 Broad Street, Suite 112
Shrewsbury, NJ 07702
Telephone: (973) 576-8700

I.    **INTRODUCTION**

Without waiving any defenses, Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem") hereby removes this civil action, pending in the Superior Court of New Jersey, Burlington County, Docket No. BUR-L-1832-16 (the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. §§ 1331.  As addressed below, the Court has jurisdiction over this matter because Plaintiff Lourdes Specialty Hospital of Southern New Jersey ("Plaintiff"), on an alleged assignment of Micah V., seeks to recover alleged medical benefits that are subject to the Employee Retirement Income Security Act ("ERISA"), and the doctrine of preemption confers jurisdiction pursuant to 28 U.S.C. § 1331. In support of removal, Anthem states as follows:

1.     This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.     Plaintiff commenced the State Court Action by filing a complaint on or about August 31, 2016 (the "Complaint").

3.     Anthem was served with the Summons and Complaint on September 20, 2016.

4.     On October 13, 2016, Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") provided Anthem with written consent to remove the State Court Action.

5.     Anthem timely filed this Notice of Removal within thirty (30) days of the receipt of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

6.      As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders are annexed hereto. *See* **Exhibit A**.

7.      As required by 28 U.S.C. § 1446(d), Anthem will provide written notice of the filing of this Notice of Removal to all counsel, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Burlington County. *See* Notice of Filing the Notice of Removal attached hereto as **Exhibit B**.

## II.     **GROUNDS FOR REMOVAL**

### A.      **Federal Question Jurisdiction Exists Because Plaintiff's Claims Are Subject to ERISA**

8.      Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff seeks to recover health benefits allegedly due under a health benefits plan governed by the ERISA. This Court has original subject matter jurisdiction over this entire action under 28 U.S.C. § 1441(b) and (c), which provide for removal of any civil action founded on a claim or right arising under the laws of the United States, and allow removal of an entire action even when removable claims are joined with non-removable claims.

9.      Because the Complaint seeks to recover benefits under a health benefits plan subject to ERISA, the doctrine of preemption confers federal question jurisdiction under 28 U.S.C. § 1331. *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes.") (internal

quotations and citations omitted); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271–72 (3d Cir. 2001).

10. A cause of action that is filed in state court, but is preempted by ERISA, comes within the scope of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), and is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

11. By reason of the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b). To the extent that any claim or health benefits plan at issue in this action is not governed by ERISA, this Court has supplemental jurisdiction over any otherwise non-removable claims or causes of action and may determine all issues therein.

**B.** **All Other Prerequisites For Removal Have Been Met**

12. In addition to satisfying the requirements of federal question jurisdiction, Anthem has satisfied all other requirements for removal.

13. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending. Removal of this case to the United States District Court for the District of New Jersey does not constitute a waiver by Defendant of its rights to seek dismissal of this lawsuit.

4

14.     This Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because Anthem has filed this Notice of Removal within thirty (30) days of receiving service of the Summons and Complaint.

15.     Anthem removes this action to this Court without waiver of any defenses, procedural or substantive, that may be available.

**WHEREFORE**, Anthem prays this Court will remove the State Court Action and request that further proceedings be conducted in this Court as provided by law.

Dated:     New York, New York
           October 20, 2016

                              Respectfully submitted,

                              **TROUTMAN SANDERS LLP**

                              By: _____
                                  Amanda Lyn Genovese
                                  875 Third Avenue
                                  New York, NY 10022
                                  (212) 704-6227
                                  amanda.genovese@troutmansanders.com

                              *Attorneys for Defendant Anthem Insurance Companies, Inc.*

# EXHIBIT A

## SUMMONS

| | |
|---|---|
| Attorney(s) | Callagy Law, PC |
| Office Address | 650 From Road - Suite 565 |
| Town, State, Zip Code | Paramus, NJ 07652 |
| Telephone Number | (201) 261-1700 |
| Attorney(s) for Plaintiff | Michael Gottlieb, Esq. |

Lourdes Specialty Hospital of Southern New Jersey o/a/o Micah V

Plaintiff(s)

Vs.

Anthem Blue Cross Blue Shield

Defendant(s)

**Superior Court of New Jersey**

| | |
|---|---|
| Burlington | COUNTY |
| LAW | DIVISION |

Docket No: BUR-L-1832-16

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 09/16/2016

| | |
|---|---|
| Name of Defendant to Be Served: | Anthem Blue Cross Blue Shield |
| Address of Defendant to Be Served: | 7501 Eagle Crest Blvd., Evansville, IN 47715 |

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 518-2815
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   AUGUST 31, 2016
                         RE:     LOURDES SPECIALTY HOSPITAL OF SOUTHERN NJ VS HORIZ
                         DOCKET: BUR L -001832 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JANET Z. SMITH

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (609) 518-2814.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                  ATT: MICHAEL GOTTLIEB
                                  CALLAGY LAW
                                  650 FROM ROAD  SUITE 565
                                  PARAMUS          NJ 07652

JUCDOE0

Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA
CHG/CK NO.:
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Michael Gottlieb, Esq. | (201) 261-1700 | Burlington |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Callagy Law, PC | L-1832-16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 650 From Road, Suite 565 Paramus, NJ 07652 | Complaint |
| | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Lourdes Specialty Hospital of New Jersey o/a/o Micah V. | Lourdes Specialty Hospital of New Jersey o/a/o Micah V. v. Horizon, et als. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|---|
| 599 | ☐ YES  ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☐ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

CALLAGY LAW, P.C.
Michael Gottlieb, Esq. (Bar No. 07592-2013)
Samuel S. Saltman, Esq. (Bar No. 90240-2012)
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: mgottlieb@callagylaw.com



*Attorneys for Plaintiff, Lourdes Specialty Hospital of Southern New Jersey*

| | |
|---|---|
| LOURDES SPECIALTY HOSPITAL OF SOUTHERN NEW JERSEY, on assignment of Micah V., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BURLINGTON COUNTY |
| Plaintiff, | |
| | DOCKET NO.: BUR-L-1832-16 |
| v. | |
| | CIVIL ACTION |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and ANTHEM BLUE CROSS BLUE SHIELD, | |
| | **COMPLAINT** |
| Defendants. | |

Plaintiff, Lourdes Specialty Hospital of Southern New Jersey, on assignment of Micah V.

("Plaintiff"), by way of Complaint against Defendants Horizon Blue Cross Blue Shield of New

Jersey and Anthem Blue Cross Blue Shield, asserts:

### THE PARTIES

1.     At all relevant times, Plaintiff was a healthcare provider in the County of

Burlington, State of New Jersey.

2.     Upon information and belief, Horizon Blue Cross Blue Shield of New Jersey

("Defendant") is primarily engaged in the business of providing and/or administering health care

plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

3.      Upon information and belief, Defendant Anthem Blue Cross Blue Shield administers employee health care benefits to its members or beneficiaries within the State of New Jersey and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

## ANATOMY OF THE CLAIM

4.      This dispute arises from Defendants refusal to properly reimburse Plaintiff for the medically necessary and reasonable services provided to Defendants' participant or insured, Micah V. ("Patient").

5.      From September 1, 2016, through September 26, 2014, Patient underwent intensive care medical treatment in Plaintiff's facility. See Exhibit A attached hereto.

6.      Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC §1002, *et seq.* ("ERISA").  See Exhibit B attached hereto

7.      Following Patient's treatment, Plaintiff prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement in the amount of $248,902.97, pursuant to the assignment of benefits, for the provided treatment. See Exhibit C attached hereto.

8.      Defendants, however, only paid $69,849.57 for the above referenced treatment. See Exhibit D attached hereto.

9.      Plaintiff engaged in the applicable administrative appeals process maintained by the Defendants.  See Exhibit E attached hereto.

10. Further, Plaintiff requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor. See Exhibit B.

11. Defendant has not provided Plaintiff with a complete copy of the Summary Plan Description.

12. Upon information and belief, the Defendants are the Claims Administrator for the applicable Plan for Patient.

13. Taking into account any known deductions, copayments and coinsurance, Defendant's reimbursement amounted to an underpayment of $179,053.40.

14. Accordingly, Plaintiff brings this action for breach of contract, recovery of the outstanding balance, Defendants' breach of fiduciary duty and co-fiduciary duty, and Defendants' failure to establish/maintain a reasonable claims procedure.

## COUNT ONE

### BREACH OF CONTRACT

15. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 of this Complaint and incorporates same by reference thereto.

16. Patient was entitled to payment of health benefits from Defendants pursuant to a health Plan administered by Defendants.

17. Patient assigned that right to payment of health benefits to Plaintiff.

18. Plaintiff filed a claim for payment of those health benefits.

19. Upon information and belief, Defendants have failed to make full payment of the health benefits Patient and Plaintiff are entitled to under the Plan or Policy.

20.     As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

WHEREFORE, Plaintiff demands judgment against Defendants, as follows:

a.      For an Order directing Defendants to pay to Plaintiff $179,053.40;

b.      For an Order directing Defendants to pay to Plaintiff all benefits Plaintiff would be entitled to pursuant the Plan or Policy issued or administered by Defendants;

c.      For compensatory damages and interest;

d.      For attorneys' fees and costs of suit; and

e.      For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

21.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-20 of this Complaint and incorporates same by reference hereto.

22.     Plaintiff avers this Count to the extent ERISA governs this dispute.

23.     Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

24.     Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient

25.     Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

26.     Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA Plan and Policy.

27. Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

28. Plaintiff also alleges that Defendants' decision to deny reimbursement was wrongful.

29. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. For an Order directing Defendants to pay to Plaintiff $179,053.40;

    b. For an Order directing Defendants to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendants;

    c. For compensatory damages and interest;

    d. For attorneys' fees and costs of suit; and

    e. For such other and further relief as the Court may deem just and equitable.

### COUNT THREE

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER
### 29 .S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)

30. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-29 of this Complaint and incorporates same by reference hereto.

31. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

32. Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

33.     29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

34.     Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

35.     29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

36.     Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

37.     Here, when Defendants acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were

clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

38.    Here, Defendants breached its fiduciary duties by:

1.  Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2.  Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

3.  Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4.  Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.    For an Order directing Defendants to pay to Plaintiff $179,053.40;

b.    For an Order directing Defendants to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendants;

c.    For compensatory damages and interest;

d.    For attorneys' fees and costs of suit; and

e.    For such other and further relief as the Court may deem just and equitable.

## COUNT FOUR

### FAILURE TO ESTABLISH/MAINTAIN REASONABLE CLAIMS PROCEDURES UNDER 29 C.F.R. 2560.503-1

39.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-38 of this Complaint and incorporates same by reference hereto.

40.    Plaintiff avers this Count to the extent ERISA governs this dispute.

41.     29 C.F.R. 2560.503-1 requires every employee benefit plan establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

42.     In particular, 29 C.F.R. 2560.503-1 requires that if a claim for benefits is denied in whole or in part, the administrator of every employee benefit plan shall provide written notice of the determination within 90 days after receipt of the claim by the plan.

43.     29 C.F.R. 2560.503-1 further provides that in the event that a claim for benefits is denied, the written notice of the benefit determination must communicate, *inter alia,* **in a manner calculated to be understood by the person claiming benefits:** (1) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

44.     29 C.F.R. 2560.503-1 further provides that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

45.     In the case at bar, the employee benefit plan from which Plaintiff claimed benefits did not establish and maintain, in its actual operation of the Plan, procedures that ensured that all relevant time limits and appeal procedures were communicated to the person claiming benefits.

46.     As a consequence of Defendants' failure to provide, in a manner calculated to be understood by the person claiming benefits, including Plaintiff as the beneficiary, and written notice of all relevant time limits and appeals procedures of the Plan in connection with its

adverse benefit determination rendered to Plaintiff, the Plan has failed to comply with the Claims Procedures requirements of 29 C.F.R. 2560.503-1.

47.    29 C.F.R. 2560.503-1 further provides that in the event an employee benefit plan fails to establish **or** follow claims procedures that comply with that regulation, the person claiming benefits shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of ERISA on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    a.    For an Order that Defendants have not established and maintained claims procedures that comply with 29 C.F.R. 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies;

    b.    For compensatory damages and interest;

    c.    For attorneys' fees and costs of suit; and

    d.    For such other and further relief as the Court may deem just and equitable.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, Plaintiff hereby demands that each Defendant produce the following documentation within fifty (50) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and are continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.     A true and exact copy of any and all Health Insurance Policy, Summary Plan Description, and/or Plan describing the terms and conditions governing the patients who received services rendered by Plaintiff as described in the Complaint filed in this action.

2.     Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by any Defendant entities to the same or similar healthcare provider as Plaintiff.

3.     Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service.

4.     Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service.

5.     The name, address and contact information of any other party of interest, specifically the Plan Administrator, Claims Administrator, Third-Party Administrator and /or additional Insurance Companies.

6.     The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used by Defendant in computing the Usual and Customary Rates or the reimbursement rate for out-of-network providers as defined by the relevant Plan.

7.     Provide copies of any and all algorithm(s), formula(s), procedure(s) or fee schedule(s) used to derive the customary and reasonable reimbursement rate in this matter.

8.     Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the date of service in question or any potential defense to the action in question.

9.   If any Defendant intends to produce the testimony of any expert witnesses at Trial, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided the Defendant by such witnesses.

### TRIAL COUNSEL DESIGNATION

Michael Gottlieb, Esq., is hereby designated as Trial Counsel in the above matter.

### R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

[SIGNATURE BLOCK CONTINUED ON NEXT PAGE]

Dated: Paramus, New Jersey
       August 29, 2016

Respectfully submitted,

CALLAGY LAW, P.C.

By:

Michael Gottlieb, Esq.
Mack Cali Centre II
650 From Road – Suite 558
Paramus, New Jersey 07652d
Phone: (201) 261-1700
Fax: (201) 549-8408
E-mail: mgottlieb@callagylaw.com

# EXHIBIT A



## HISTORY AND PHYSICAL

NAME: [redacted]     DOB: [redacted]  MRN  5240          ADMIT#  11525

PROVIDER: Rania Louth, MD      DOS: 9/12/2014

DATE OF ADMISSION: 9/12/2014

CHIEF COMPLAINT: Ventilator dependent respiratory failure.

HISTORY OF PRESENT ILLNESS: This is a 24 year old male who has a history of IV drug abuse who was found by his father unresponsive at home. The patient was admitted to Lower Bucks Hospital on 08/19/2014 and was intubated in the emergency room. Hospital course was complicated by ventilator dependent respiratory failure, heroin overdose, encephalopathy, bilateral pneumonia, aspiration, left pleural effusion, rhabdomyolysis, sepsis, urinary tract infection, dysphagia, and seizure. Also a CT showed possible infarct basal ganglia. The patient had a tracheostomy on 09/04/2014, PEG 09/05/2014. The patient requires high-dose sedation because of severe agitation. History is obtained from transfer records. The patient is transferred to LTAC for further management.

PAST MEDICAL HISTORY: Deep vein thrombosis left leg.

PAST SURGICAL HISTORY: Tonsillectomy.

ALLERGIES: Cephalosporin.

SOCIAL HISTORY: Positive for IV heroin use. Positive for smoking. Alcohol social.

FAMILY HISTORY: Noncontributory.

PHYSICAL EXAMINATION:

GENERAL: The patient is not in any distress.

VITAL SIGNS: Blood pressure 111/67. Heart rate 104. Respiratory rate 14. Temperature 98.9. Pulse ox 97%.

HEENT: Moist mucous membranes. Pupils are equally reactive to light.

NECK: supple.

CHEST: Lungs are clear to auscultation bilaterally. No wheezes or crackles.

HEART: Regular S1, S2.

Lourdes Specialty Hospital  •  218A Sunset Road  Suite 3A  •  Willingboro, NJ 08046  •  www.lourdyshealthcare.net

Page 1 of 3



## HISTORY AND PHYSICAL

NAME [redacted]  DOB [redacted]  MRN 5240  ADMIT# 11525

PROVIDER  Rania Loutfi, MD  DOS  9/12/2014

ABDOMEN  Soft, no pain or tenderness. He has a PEG tube.

SKIN  No rash.

EXTREMITIES  Joints with no swelling. There is no edema, cyanosis, or clubbing.

NEUROLOGIC  The patient is awake but does not follow commands.

## LABORATORY DATA:
Chest x-ray shows clear lungs. WBC 15.6, hemoglobin 15.4, platelets 418, sodium 162, potassium 4.5, chloride 106, bicarbonate 30, BUN 30, creatinine 0.65, and glucose is 120. AST 57, ALT 51.

## ASSESSMENT/PLAN:
1.  Ventilator dependent respiratory failure. The patient is on AC. We will ask pulmonary to see.
2.  Severe encephalopathy with severe agitation due to heroin overdose, possible infarct on CAT scan. The patient is on aspirin. He is on Versed and fentanyl drip for agitation. We will ask neurology and psychology to see.
3.  Hypernatremia. We will give IV fluids and free water.
4.  Fever. The patient now is off antibiotics, but I will recheck culture and ask infectious disease to see.
5.  Abnormal LFTs. I will check liver ultrasound and hepatitis profil.
6.  Seizure. The patient will be on Keppra.
7.  Heparin for deep vein thrombosis prophylaxis.
8.  The case was discussed with mom.

I certify that [redacted] meets severity of illness and intensity of service criteria for admission to LTAC level of care.

eSigned by Rania Loutfi, MD on 09/15/2014 1:16PM
Rania Loutfi, MD

DD  09/12/2014  9:08AM
DT  09/13/2014
kg/socMedDit hri12 d19  [R]

Deardon Specialty Hospital  •  200A Sunset Road, Suite 36  •  Willingboro, NJ 08046  •  www.acutyhealthcare.net



Specialty
HOSPITAL

HISTORY AND PHYSICAL

NAME _____    DOB _____  MRN  5240    ADMIT#  11525

PROVIDER  Rania Loutfi, MD    DOS  9/12/2014

# EXHIBIT B



218A Sunset Road
Willingboro, NJ 08046
(609) 835-3650



## CONDITIONS OF TREATMENT AND ADMISSION

**CONSENT TO HOSPITAL CARE AND TREATMENT**
I am presenting myself for admission to the hospital and I voluntarily consent to the rendering of such care, including diagnostic tests and medical treatment, by authorized agents and employees of the hospital, and by its medical staff, or their designees, as may in their professional judgement be deemed necessary or beneficial to my well being.

I acknowledge and understand that many of the physicians on the staff of this hospital, including the attending physician(s) named above, and radiologists, anesthesiologists, pathologists and emergency physicians, may not be employees or agents of the hospital, but rather independent contractors who have been granted the privilege of using the hospital facilities for the care and treatment of their patients. I agree to accept their care even though they may not be employed by the hospital.

I acknowledge that although Lourdes Specialty Hospital is located in the same building as Lourdes Medical Center, they are separate and independent hospitals. I further understand that I will be treated at Lourdes Specialty Hospital and be discharged to the next appropriate level of care at the discretion of the attending physician.

In the event that one of my health care providers sustains an exposure to my blood or body fluids during this admission, I consent to the drawing of my blood and performance of a rapid blood test for antibodies to the HIV virus (known to cause AIDS). This preliminary test will allow determination of whether urgent health care intervention for my health care provider is needed. This test will be performed at no cost to me. I will be informed about the results of any such testing, which will become part of my medical record.

**CONSENT TO RELEASE INFORMATION**
I hereby authorize the hospital to disclose to insurance companies, including workers compensation carriers, or other parties that may be liable for all or part of my hospital charges, all or part of my hospital records as may be necessary (including any treatment for alcohol or drug abuse or dependence), to determine benefits entitlement and process payment claims for health care services provided.

**MEDICARE CERTIFICATION RELEASE**
I certify that the information given by me in applying for payment under the Title XVII and Title XIX of the Social Security Act is correct. I authorize any holder of medical or other information about me to release to the Social Security Administration or its intermediaries or carriers any information needed for this or a related Medicare claim. I request that payment of authorized benefits be made on my behalf to the hospital or to the physician who accepts assignment.

**PERSONAL EFFECTS AND VALUABLES**
I understand that the hospital shall not be liable for the loss or damage of any personal effects or valuables (money, jewelry, glasses, dentures, documents, clothing, etc.) unless such items are deposited in the hospital safe. The hospital will not be liable in excess of $50.00 for the loss or damage of any personal effects or valuables deposited within the hospital safe.

**ABOUT YOUR BILL**
I understand that I will receive a bill from the hospital for provision of the hospital services, including staff and equipment, and for any supplies or medicines utilized. I will also receive a bill from any physician who provides professional care to me. For example, I may receive a separate bill from one or more of the following types of physicians who render services to me; my attending physician or personal physician, emergency room physician, radiologist, anesthesiologist, pathologist, or any other specialist.

**INSURANCE ASSIGNMENT**
I hereby assign to and authorize the hospital and physician involved in care during this period of illness or treatment (hereinafter "physicians"); or their duly authorized assigns to take all necessary steps, without limitations, to ensure that any insurance benefits otherwise payable to me or my estate are paid directly to the hospital or physicians. This assignment of insurance benefits includes but is not limited to billing insurance, filing petitions, filing suit, in my name or on behalf of the hospital or physicians, filing proofs of claim, filing probate claims and filing grievances and all other similar procedures, as may be amended from time to time with the state department of insurance. I also agree to provide and sign any other documents that may be reasonably necessary to accomplish any of the other purposes.

**FRAUD**
Any person who knowingly and with intent to injure, defraud, or deceive any insurance company, or files a statement of claim containing false, incomplete or misleading information may be subject to prosecution under applicable law.

**ADVANCE DIRECTIVE (FOR ADMISSION TO HOSPITAL ONLY)**
I am to be admitted to the hospital. I have been given written materials about my right to accept or refuse medical treatment. I have been informed of my rights to formulate Advance Directives. I understand that I am not required to have an Advance Directive in order to receive medical treatment at this hospital. I understand that the hospital and my caregivers will follow the terms of any Advance Directive that I have executed to the extent permitted by law.

**INITIAL THE FOLLOWING OPTION THAT APPLIES:**

I have executed an Advance Directive and will provide a copy of this for my medical record within a reasonable amount of time.

I have not executed an Advance Directive and do not wish to do so. _____ Init. Follow-up done by _____ Date _____ INITIAL

I wish to complete an Advance Directive during this hospitalization. _____ Init.

I certify that I have read (or have been read) the above consents and certifications and understand and agree with them. _____ Init.

Date: ___9___ ___12___ ___14___ ___1420___
      MONTH    DAY     YEAR     TIME

_Becky Johnson_
WITNESS

# EXHIBIT C

| LOURDES SPECIALTY HOSP | LOURDES SPECIALTY HOSP | | N FAC A0001152500011 |
|---|---|---|---|
| 218 SUNSET RD | PO BOX 269084 | | 5240 | 0112 |
| WILLINGBORO NJ 080461110 | Oklahoma City OK 73126 | 5 FED TAX NO. | 6 STATEMENT COVERS PERIOD |
| 7046444240 7047318669 | | 61112477 | FROM 091114 THROUGH 092514 |

| | 80 | VALUE CODES AMOUNT 15 00 | | |
|---|---|---|---|---|

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES |
|---|---|---|---|---|---|---|
| 0200 | ICU | 9629.04 | | 15 | 144435 60 | |
| 0250 | PHARMACY | | | 672 | 14571 00 | |
| 0270 | MED/SURG SUPPLIES | | | 279 | 3133 50 | |
| 0301 | LAB/CHEMISTRY | | | 62 | 7768 00 | |
| 0305 | LAB/HEMATOLOGY | | | 8 | 671 80 | |
| 0306 | LAB/BACT & MICRO | | | 9 | 750 20 | |
| 0320 | DIAGNOSTIC RADIOLOGY | | | 4 | 2668 00 | |
| 0402 | ULTRASOUND | | | 6 | 1927 00 | |
| 0410 | RESPIRATORY SERVICES | | | 8 | 5224 75 | |
| 0412 | INHALATION SERVICES | | | 16 | 2323 25 | |
| 0419 | OTHER RESPIRATORY SVCS | | | 1 | 2280 00 | |
| 0420 | PHYSICAL THERAPY | | | 4 | 409 00 | |
| 0430 | OCCUPATIONAL THERAPY | | | 12 | 1025 00 | |
| 0440 | SPEECH PATHOLOGY | | | 3 | 266 00 | |
| 0444 | SPEECH/EVAL-REEVAL | | | 1 | 126 00 | |
| 0636 | DRUGS REQ DETAILED CODING | | | 66 | 14085 00 | |
| 0730 | EKG/ECG | | | 1 | 252 60 | |
| 0761 | TREATMENT ROOM | | | 1 | 1231 10 | |
| 0920 | OTHER DIAGNOSTIC SERVICES | | | 1 | 245 00 | |
| 0942 | OTH THER SVCS/EDUC/TRAINE | | | 4 | 328 00 | |
| 0001 | PAGE 1 OF 1 | CREATION DATE 021716 | TOTALS | | 203720 80 | |

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1578543468 |
|---|---|---|---|---|---|---|
| HORIZON BC OF NJ | 312022 | Y | Y | | | 57 OTHER PRV ID |

| 58 INSURED'S NAME | 59 P.REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO. |
|---|---|---|---|---|
| | 18 | YRP099M72543 | | 00084348 |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME |
|---|---|---|
| 0234790400 | | |

| 66 DX | 51893 | Y 3481 | Y 486 | Y 5849 | N 2760 | Y 34590 | Y 30590 | Y 07070 | Y V440 | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 2768 | N | | | | | | | | |

| 69 ADMIT DX 51081 | 70 PATIENT REASON DX | | | 71 PPS CODE | 72 ECI | | |
|---|---|---|---|---|---|---|---|

| 74 PRINCIPAL PROCEDURE 9672 DATE 091114 | OTHER PROCEDURE 3897 DATE C91614 | | 76 ATTENDING NPI 1851472070 LAST GEORGE FIRST PHILIP |
|---|---|---|---|
| | | | 77 OPERATING NPI 1851472070 LAST GEORGE FIRST PHILIP |
| | | | 78 OTHER NPI LAST FIRST |
| | | | 80 OTHER NPI LAST FIRST |

207

| | | |
|---|---|---|
| LOURDES SPECIALTY HOSP | LOURDES SPECIALTY HOSP | 3c PAT. A000115250002L |
| 218 SUNSET RD | PO BOX 269084 | MED. 5240 |
| WILLINGBORO NJ 080461110 | Oklahoma City OK 73126 | FED. TAX NO. 4 TYPE OF BILL 0114 |
| | | STATEMENT COVERS PERIOD FROM 010314 THROUGH 093014 |

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS/RATE/HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 0200 | ICU | 9629.04 | | 4 | 38516 16 | | |
| 0250 | PHARMACY | | | 185 | 1971 00 | | |
| 0270 | MED/SURG SUPPLIES | | | 67 | 775 66 | | |
| 0301 | LAB/CHEMISTRY | | | 11 | 1205 75 | | |
| 0305 | LAB/HEMATOLOGY | | | 1 | 111 50 | | |
| 0306 | LAB/BACT & MICRO | | | 1 | 34 60 | | |
| 0412 | INHALATION SERVICES | | | 5 | 1015 00 | | |
| 0420 | PHYSICAL THERAPY | | | 7 | 702 00 | | |
| 0430 | OCCUPATIONAL THERAPY | | | 7 | 661 50 | | |
| 0440 | SPEECH PATHOLOGY | | | 2 | 126 00 | | |
| 0442 | SPEECH/HOURLY | | | 1 | 63 00 | | |

| 0001 | PAGE 1 OF 1 | | CREATION DATE 021716 | TOTALS | 45182 17 | |
|---|---|---|---|---|---|---|
| HORIZON BC OF NJ | | 312022 | | | 1578543468 | |

| | 18 | YRP099M72543 | | 00084348 |
|---|---|---|---|---|

0234790400

| A51883 | Y3481 | Y486 | Y5849 | N2760 | Y72868 | Y34590 | Y30590 | Y07070 | Y |
|---|---|---|---|---|---|---|---|---|---|
| N440 | 2768 | N | | | | | | | |

51881    207

1851472070

GEORGE    PHILIP

# EXHIBIT D

110BUCDSE00200 13 10B

www.horizonblue.com

Date: 11/06/2014
PAGE    2 OF    3

Check No:    66926647
Payee ID    312022
NPI Code    1578543468



| DOS | RMK | REV COD | QTY | PROC | MOD | BILLED | NOT ALLOWED | REAS | ALLOWED | CO-INS | COPAY | DEDUCTIBLE | CUST LIAB | REAS | OTHER CARR | PAID |
|-----|-----|---------|-----|------|-----|--------|-------------|------|---------|--------|-------|------------|-----------|------|-----------|------|
| INPATIENT SECTION | | | | | | | | | | | | | | | PAA | C-1 |
| PRODUCT P0014 | | | | | | | | | | | | | | | | |
| 9/11/14 1915 9/25/14 Q918 Y755 | | | | | | 203,720.80 | 0.00 | | 203,720.80 | 0.00 | 0.00 | 0.00 | 148567.42 | | 0.00 | 57,153.38 |
| | | | CLAIM TOTAL: | | | 203,720.80 | 0.00 | | 203,720.80 | 0.00 | 0.00 | 0.00 | 148567.42 | | 0.00 | 57,153.38 |
| NJ DIRECT | | | | | | | | | | | | | | | | |
| | | | | | | | 0.00 | | | 0.00 | 0.00 | 0.00 | 0. | | 0.00 | |
| | | | CLAIM TOTAL: | | | | 0.00 | | | 0.00 | 0.00 | 0.00 | 0. | | 0. | |
| INPATIENT TOTALS | | NUMBER OF CASES | | | | BILLED CHARGES | | | | | | | CLAIMS PAID AMOUNT | | | $ |

## REMARK CODES

Y755 1200
HORIZON PROVIDES ADMINISTRATIVE CLAIMS PAYMENT SERVICES ONLY AND DOES NOT ASSUME ANY FINANCIAL RISK OR OBLIGATION WITH RESPECT TO CLAIMS.

Z832 1200
PLEASE NOTE: CLAIMS MUST BE FILED WITHIN 16 MONTHS AFTER THE END OF THE
CALENDAR YEAR IN WHICH THE CHARGES WERE INCURRED.$ FOR EXAMPLE; IF A SERVICE WAS PROVIDED IN 2011, YOU WOULD HAVE UNTIL MARCH 31, 2013 TO FILE A CLAIM.

I915 1200
MAXIMUM BENEFITS HAVE BEEN PROVIDED.

Q918 1200
THIS SERVICE IS NOT A COVERED BENEFT.

1028UCDSE0020016162

Date: 10/28/2014
PAGE    2 OF    2

www.horizonblue.com

Check No:    66821781
Payee ID     312022
NPI Code     1578543468

| DOS | RMK | REV COD | QTY | PROC | MOD | BILLED | NOT ALLOWED | REAS | ALLOWED | CO-INS | COPAY | DEDUCTIBLE | CUST LIAB | REAS | OTHER CARR | PAID |
|-----|-----|---------|-----|------|-----|--------|-------------|------|---------|--------|-------|------------|-----------|------|------------|------|

*PATIENT* *SUBSCRIBER* *SUB ID* *CLAIM NO* *PATIENT ACCT*

INPATIENT SECTION

*PAA*

*C-2*

PRODUCT  PD014

| 8/26/14 | 1915 |  |  |  |  | 45,182.17 | 0.00 |  | 45,182.17 | 0.00 | 0.00 | 0.00 | 32,485.98 |  | 0.00 | 12,696.19 |
| 9/30/14 |  |  |  | Y765 |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  | CLAIM TOTAL: |  |  |  | 45,182.17 | 0.00 |  | 45,182.17 | 0.00 | 0.00 | 0.00 | 32,485.98 |  | 0.00 | 12,696.19 |

INPATIENT TOTALS   NUMBER OF CLMS 1   BILLED CHARGES $45,182.17   CLAIMS PAID AMOUNT $12,696.19

REMARK CODES:

1200
HORIZON PROVIDES ADMINISTRATIVE CLAIMS PAYMENT SERVICES ONLY AND DOES NOT ASSUME ANY FINANCIAL RISK OR OBLIGATION WITH
RESPECT TO CLAIMS.

I916 1200
MAXIMUM BENEFITS HAVE BEEN PROVIDED.

THIS VOUCHER WAS PREPARED WITH THE INFORMATION AVAILABLE TO US AT THE TIME OF PROCESSING.
YOUR PATIENTS WILL RECEIVE AN INDIVIDUALIZED EXPLANATION FORM WITH SIMILAR INFORMATION.

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY INQUIRY ADDRESS:
PO BOX 1770
NEWARK NJ 07101-1770

ITS HOST PROVIDER INQUIRY ADDRESS:
THE P.O. BOX FOR ALL BLUE CARD CLAIMS AND CORRESPONDENCE
P.O. BOX 1301, NEPTUNE, NEW JERSEY 07754-1301
THE WEBSITE ADDRESS FOR THE PORTAL IS... WWW.HORIZONBLUE.COM
FOR THE BLUE CARD DEDICATED TELEPHONE UNIT, PLEASE CALL...
1-888-435-4383
FOR ELIGIBILITY AND BENEFITS FOR BLUECARD MEMBERS CALL...
1-800-676-BLUE (2583)

# EXHIBIT E

April 13, 2016



**CALLAGY LAW**
Courageous · Compassionate · Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax: 201.261.1775

Sean R. Callagy+*

Partner
Michael J. Smikun+*
Benjamin D. Light+
David L. Aromando+*
Matthew R. Major+
Brian P. McCann+*
Christopher R. Cavalli+

Tara M. McCluskey+
JoAnne Baio LaGreca+*
Jennifer Chaplat+*^
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+
Lynne Goldman+*
Christopher R. Miller+
Samuel S. Saltman*
Michael Gottlieb+*
Alethia Scipione#
Robert J. Solomon+

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
#Member of the Arizona Bar

New York Office:
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

Arizona Office:
668 North 44th St
Suite 300
Phoenix, AZ 85008
Office: 602.687.5844

**Via Regular Mail**
Horizon
PO Box 10129
Appeals Department
Newark, NJ 07101-3129

RE:    Provider: Lourdes Specialty Hospital of Southern New Jersey
        Date of Service: 2014-09-01, 2014-09-26
        Patient: ▓▓▓▓▓▓▓▓
        Claim #: 312022

Dear Appeal Department Representative,

        We represent the provider named above who has obtained an
assignment of benefits from the patient named above as such this firm is the
patient's authorized representative for purposes of the appeal requested
below.

        Kindly be advised that this firm, and more specifically the
undersigned, represents Lourdes Specialty Hospital of Southern New Jersey
in the above-referenced matter. Kindly accept this **SECOND NOTICE OF
APPEAL**.
**We represent the provider named above who has obtained an
assignment of benefits from the patient named above as such this firm is
the patient's authorized representative for purposes of the appeal
requested below.**

        Attached hereto, please find the following documents that Lourdes
Specialty Hospital of Southern New Jersey is relying upon in support of this
appeal:

1. Health Insurance Claim Form ("HICF") for ▓▓▓▓▓▓
2. Operative Report and relevant records for ▓▓▓▓▓▓ and
3. Exemplar Explanations of Benefits ("EOB") supporting the billed
   charges.

        The Health Insurance Claim Forms ("HICF") submitted by the
provider to the claim payer and the Explanations of Benefits ("EOB") that
that claim payer sends to the provider set forth the amounts billed and
amounts paid in this case. The HICF is a single-sided, one page document
which lists all of the medical services performed on a particular date or dates
of service. The amount billed is seen side-by-side with the procedure or
service that supports the charge. The EOB again provides the amount billed
for procedure or service performed on a particular date of services.
Additionally, the EOB provides the amount paid und, where applicable,
codes that correspond to reasons for a disparity in the amount billed and the
amount paid. Thus, these two documents are necessarily the starting point

for establishing the particular provider's UCR rate in a particular case.

The Court in Cobo by Hudson Physical Therapy Services v. Market Transition Facility, 293 N.J. Super. 374 (App. Div. 1996), found that it was necessary to look to a "[providers] billing history, and the disparity in the fees charged to different insurance carriers." Id. at 387. Here, the most effective and meaningful way to determine Lourdes Specialty Hospital of Southern New Jersey's rates is by looking at the amounts billed and the amounts paid by that particular medical provider. The amount billed is critical as it establishes a pattern demonstrating the usual fees billed by the provider. The amount paid is equally important as it establishes that a claim payer has reviewed the bill and determined that the services provided were medically necessary and reasonable.

Additionally, the Exemplar EOBs submitted herein by the provider establish the Usual and Customary Rates charged by other providers providing similar and/or identical services in the same relevant geographic area. As you can see from these Exemplar EOBs, the rates charged by Lourdes Specialty Hospital of Southern New Jersey for the services in this case are similar or identical to the rates charged by other medical providers in the same geographic area for the same or similar services. These are the proofs on which the provider herein relies in defending its billed charges as Usual and Customary Rates for the services provided to

Specifically, the documents attached show that Lourdes Specialty Hospital of Southern New Jersey charged $248,902.97. The Exemplar EOBs for Lourdes Specialty Hospital of Southern New Jersey and other medical providers of similar and/or identical services demonstrate that the amounts billed by and paid in those other matters are the same or close to the amounts billed in the instant matter. As a preliminary matter, this establishes that the amounts billed by Lourdes Specialty Hospital of Southern New Jersey are Usual and Customary Rates based on the prevailing rate billed for services by a similar healthcare provider. Moreover, in light of the fact that these bills were reviewed and reimbursed by multiple claim payors, they are reasonable.

On behalf of Lourdes Specialty Hospital of Southern New Jersey, we have previously requested that you provide documentation you believe supports your different determination of Usual and Customary Rates. Specifically, we requested that you provide the following documentation at the time of our First Appeal:

- The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;
- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;

- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

To the extent this information has not been previously requested, we are hereby requesting it today. This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This requested information is critical for us to analyze whether your determinations violate the Plan's fiduciary obligation to make benefit determinations in the interests of the Plan's beneficiaries. To date, you have not provided this documentation. As you are aware, the law requires you to provide this documentation based upon our previous request, and provides penalties to the Plan Administrator for failure to comply with this request. **If you do not turn over all of these requested documents, we will seek to enforce the applicable penalty provisions in a Court of competent jurisdiction. Furthermore, if you continue to refuse to disclose the basis and methodology of the Plan's benefit determination in this case, we will argue that your unsupported benefit determination is arbitrary and capricious, and/or that it violates the Plan's fiduciary duty in the making of benefit determinations. If your refusal to provide this documentation leads to us filing a lawsuit, we will seek reimbursement of costs and fees, including reasonable attorney's fees as allowed by Section 502(g) of ERISA, in such action.**

For the foregoing reasons, Lourdes Specialty Hospital of Southern New Jersey respectfully requests that your initial adverse claim determination be modified and additional payment be issued without delay.

Very truly yours,
CALLAGY LAW, PC


_____
Medical Collection Representative


Encl.
ENM/jp

March 9, 2016



**CALLAGY LAW**
Courageous · Compassionate · Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax: 201.261.1775

Sean R. Callagy+*

Partner
Michael J. Smikun+*
Benjamin D. Light+
David L. Aromando+*
Matthew R. Major+
Brian P. McCann+*
Christopher R. Cavalli+

Tara M. McCluskey+
JoAnne Baio LaGreca+*
Jennifer Chapla+*^
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+
Lynne Goldman+*
Christopher R. Miller+
Samuel S. Saltman+
Maria Romano+
Michael Gottlieb+*
Alethia Scipioni#
Robert J. Solomon+

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
#Member of the Arizona Bar

New York Office:
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

Arizona Office:
668 North 44th St
Suite 300
Phoenix, AZ 85008
Office: 602.687.5804

**Via Regular Mail**
Horizon
PO Box 10129
Appeals Department
Newark, NJ 07101-3129

    RE: Provider: Lourdes Specialty Hospital of Southern New Jersey
    Date of Service: 2014-09-01, 2014-09-26
    Patient: ▅▅▅▅▅▅
    Claim #: 312022

Dear Appeal Department Representative:

    We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.

    Kindly accept this letter as **NOTICE OF APPEAL** of your claim reimbursement determination in the above-captioned matter. A review of this file indicates that the above captioned matter was **unpaid and/or underpaid**. Please review your claim reimbursement determination and issue the **unpaid and/or underpaid** balance immediately.

    At the outset, these services were reasonable and medically necessary. Thus, the sole issue here is that the payment(s) that were remitted are below the provider's usual, customary and reasonable rate, and any modifications/reductions remain unsubstantiated.

    Lourdes Specialty Hospital of Southern New Jersey has provided medically necessary services on , 2014-09-01, 2014-09-26 to ▅▅▅▅▅▅ (Claim No.: 312022), a participant in a Plan administered by Horizon. Lourdes Specialty Hospital of Southern New Jersey has been assigned the benefits of ▅▅▅▅▅▅ which permits Lourdes Specialty Hospital of Southern New Jersey to proceed against Horizon to recover medical benefits.

    In furtherance of its request for benefits on behalf of ▅▅▅▅▅▅ Lourdes Specialty Hospital of Southern New Jersey **FORMALLY REQUESTS** that you provide the following documents for ▅▅▅▅▅▅ Lourdes Specialty Hospital of Southern New Jersey immediately:

    ○   The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;

- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This request also comports with U.S. Department of Labor regulations that provide, "[a] Plan's claims procedures may not preclude an authorized representative (including a health care provider) from acting on behalf of a Claimant..." As the authorized representative of Lourdes Specialty Hospital of Southern New Jersey, the Plan is required by law to provide this documentation to us forthwith.

Kindly note, an enrollee/beneficiary may file suit against a Plan Administrator who fails to comply with the enrollee's/beneficiary's request for documentation purporting to support the Plan's benefit determinations. Section 502(a)(1)(A) of ERISA and its implementing regulations require the Plan Administrator to provide these documents upon request to the enrollee/beneficiary no more than thirty (30) days after such request has been made. The Plan Administrator may be held liable for up to $110.00 per day for each day he/she fails to provide this required disclosure of documentation to the enrollee/beneficiary. As set forth above, this is a formal request for disclosure of documents pursuant to Department of Labor regulations, for the purpose of enabling us to evaluate whether the Plan has properly exercised its discretion in its benefit determination.

If this appeal requires additional documentation pursuant to ▆▆▆▆▆▆▆▆ plan or policy, kindly advise the undersigned via letter or facsimile.

Should you have any questions, feel free to contact me.

Thank you for your prompt response to this request.

Very truly yours,

Medical Collections Representative

Encl.

for establishing the particular provider's UCR rate in a particular case.

The Court in Cobo by Hudson Physical Therapy Services v. Market Transition Facility, 293 N.J. Super. 374 (App. Div. 1996), found that it was necessary to look to a "[providers] billing history, and the disparity in the fees charged to different insurance carriers." Id. at 387. Here, the most effective and meaningful way to determine Lourdes Specialty Hospital of Southern New Jersey's rates is by looking at the amounts billed and the amounts paid by that particular medical provider. The amount billed is critical as it establishes a pattern demonstrating the usual fees billed by the provider. The amount paid is equally important as it establishes that a claim payer has reviewed the bill and determined that the services provided were medically necessary and reasonable.

Additionally, the Exemplar EOBs submitted herein by the provider establish the Usual and Customary Rates charged by other providers providing similar and/or identical services in the same relevant geographic area. As you can see from these Exemplar EOBs, the rates charged by Lourdes Specialty Hospital of Southern New Jersey for the services in this case are similar or identical to the rates charged by other medical providers in the same geographic area for the same or similar services. These are the proofs on which the provider herein relies in defending its billed charges as Usual and Customary Rates for the services provided to ▮▮▮▮▮▮▮▮▮▮

Specifically, the documents attached show that Lourdes Specialty Hospital of Southern New Jersey charged $248,902.97. The Exemplar EOBs for Lourdes Specialty Hospital of Southern New Jersey and other medical providers of similar and/or identical services demonstrate that the amounts billed by and paid in those other matters are the same or close to the amounts billed in the instant matter. As a preliminary matter, this establishes that the amounts billed by Lourdes Specialty Hospital of Southern New Jersey are Usual and Customary Rates based on the prevailing rate billed for services by a similar healthcare provider. Moreover, in light of the fact that these bills were reviewed and reimbursed by multiple claim payors, they are reasonable.

On behalf of Lourdes Specialty Hospital of Southern New Jersey, we have previously requested that you provide documentation you believe supports your different determination of Usual and Customary Rates. Specifically, we requested that you provide the following documentation at the time of our First Appeal:

- The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;
- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the

- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

To the extent this information has not been previously requested, we are hereby requesting it today. This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This requested information is critical for us to analyze whether your determinations violate the Plan's fiduciary obligation to make benefit determinations in the interests of the Plan's beneficiaries. To date, you have not provided this documentation. As you are aware, the law requires you to provide this documentation based upon our previous request, and provides penalties to the Plan Administrator for failure to comply with this request. **If you do not turn over all of these requested documents, we will seek to enforce the applicable penalty provisions in a Court of competent jurisdiction. Furthermore, if you continue to refuse to disclose the basis and methodology of the Plan's benefit determination in this case, we will argue that your unsupported benefit determination is arbitrary and capricious, and/or that it violates the Plan's fiduciary duty in the making of benefit determinations. If your refusal to provide this documentation leads to us filing a lawsuit, we will seek reimbursement of costs and fees, including reasonable attorney's fees as allowed by Section 502(g) of ERISA, in such action.**

For the foregoing reasons, Lourdes Specialty Hospital of Southern New Jersey respectfully requests that your initial adverse claim determination be modified and additional payment be issued without delay.

Very truly yours,
CALLAGY LAW, PC


_____
Medical Collection Representative

Encl.
ENM/jp

March 9, 2016



**CALLAGY LAW**
Courageous · Compassionate · Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax:     201.261.1775

Sean R. Callagy+*

Partner
Michael J. Smikun+*
Benjamin D. Light+
David L. Aromando+*
Matthew R. Major+
Brian P. McCann+*
Christopher R. Cavalli+

Tara M. McCluskey+
JoAnne Baio LaGreca+*
Jeanifer Chopla+*^
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+
Lynne Goldman+*
Christopher R. Miller+
Samuel S. Saltman+
Maria Romano+
Michael Gottlieb+*
Alethia Scipione//
Robert J. Solomon+

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
//Member of the Arizona Bar

New York Office:
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

Arizona Office:
668 North 44th St
Suite 300
Phoenix, AZ 85008
Office: 602.687.5844

**Via Regular Mail**
Horizon
PO Box 10129
Appeals Department
Newark, NJ 07101-3129

RE: Provider: Lourdes Specialty Hospital of Southern New Jersey
Date of Service: 2014-09-01, 2014-09-26
Patient: ▮▮▮▮▮▮
Claim #: 312022

Dear Appeal Department Representative:

We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.

Kindly accept this letter as **NOTICE OF APPEAL** of your claim reimbursement determination in the above-captioned matter. A review of this file indicates that the above captioned matter was **unpaid and/or underpaid**. Please review your claim reimbursement determination and issue the **unpaid and/or underpaid** balance immediately.

At the outset, these services were reasonable and medically necessary. Thus, the sole issue here is that the payment(s) that were remitted are below the provider's usual, customary and reasonable rate, and any modifications/reductions remain unsubstantiated.

Lourdes Specialty Hospital of Southern New Jersey has provided medically necessary services on , 2014-09-01, 2014-09-26 to ▮▮▮▮▮▮ (Claim No.: 312022), a participant in a Plan administered by Horizon. Lourdes Specialty Hospital of Southern New Jersey has been assigned the benefits of ▮▮▮▮▮▮▮▮ which permits Lourdes Specialty Hospital of Southern New Jersey to proceed against Horizon to recover medical benefits.

In furtherance of its request for benefits on behalf of ▮▮▮▮▮ Lourdes Specialty Hospital of Southern New Jersey **FORMALLY REQUESTS** that you provide the following documents for ▮▮▮▮▮ Lourdes Specialty Hospital of Southern New Jersey immediately:

o   The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;

- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. The Plan is required to provide this requested documentation upon request and free of charge.

This request also comports with U.S. Department of Labor regulations that provide, "[a] Plan's claims procedures may not preclude an authorized representative (including a health care provider) from acting on behalf of a Claimant..." As the authorized representative of Lourdes Specialty Hospital of Southern New Jersey, the Plan is required by law to provide this documentation to us forthwith.

Kindly note, an enrollee/beneficiary may file suit against a Plan Administrator who fails to comply with the enrollee's/beneficiary's request for documentation purporting to support the Plan's benefit determinations. Section 502(a)(1)(A) of ERISA and its implementing regulations require the Plan Administrator to provide these documents upon request to the enrollee/beneficiary no more than thirty (30) days after such request has been made. The Plan Administrator may be held liable for up to $110.00 per day for each day he/she fails to provide this required disclosure of documentation to the enrollee/beneficiary. As set forth above, this is a formal request for disclosure of documents pursuant to Department of Labor regulations, for the purpose of enabling us to evaluate whether the Plan has properly exercised its discretion in its benefit determination.

If this appeal requires additional documentation pursuant to ▓▓▓▓▓▓▓ plan or policy, kindly advise the undersigned via letter or facsimile.

Should you have any questions, feel free to contact me.

Thank you for your prompt response to this request.

Very truly yours,

Medical Collections Representative

Encl.

# EXHIBIT B

**TROUTMAN SANDERS LLP**
Amanda Lyn Genovese, Attorney ID # 901632012
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
*Attorneys for Defendant Anthem Insurance Companies, Inc.*

| | |
|---|---|
| LOURDES SPECIALTY HOSPITAL OF SOUTHERN NEW JERSEY, on assignment of Micah V., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BURLINGTON COUNTY DOCKET NO.: BUR-L-1832-16 |
| Plaintiff, | CIVIL ACTION |
| v. | **NOTICE OF FILING THE NOTICE OF REMOVAL** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and ANTHEM BLUE CROSS BLUE SHIELD, | |
| Defendants. | |

Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), by its attorneys Troutman Sanders LLP, hereby notifies the Court and all counsel of record that a Notice of Removal of this action from the Superior Court of New Jersey, Burlington County, to the United States District Court for the District of New Jersey (a copy of which is attached hereto) was filed by Anthem on the 20th day of October 2016 in the United States District Court for the District of New Jersey.

Dated:     New York, New York
            October 20, 2016

Respectfully submitted,

**TROUTMAN SANDERS LLP**

By: _____

Amanda Lyn Genovese
875 Third Avenue
New York, NY 10022
(212) 704-6227
amanda.genovese@troutmansanders.com

*Attorneys for Defendant Anthem Insurance Companies, Inc.*