```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LOURDES SPECIALTY HOSPITAL OF SOUTHERN NEW JERSEY on assignment of Micah V., <br><br>    Plaintiff, <br><br>    v. <br><br>ANTHEM BLUE CROSS BLUE SHIELD, <br><br>    Defendant. | HONORABLE NOEL L. HILLMAN <br><br>1:16-cv-07631-NLH-AMD <br><br>**OPINION** |

**APPEARANCES:**

CALLAGY LAW, P.C.
By: Michael Gottlieb, Esq.
650 From Road, Suite 565
Paramus, New Jersey 07652
    Counsel for Plaintiff

TROUTMAN SANDERS LLP
By: Amanda Lyn Genovese, Esq.
875 Third Avenue
New York, NY 10022
    Counsel for Defendant Anthem Blue Cross Blue Shield

**HILLMAN**, United States District Judge:

    This is one of many ERISA suits[1] in this District filed by purported assignees – here, Plaintiff Lourdes Specialty Hospital

---

[1] The Court has federal question subject matter jurisdiction pursuant 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

of Southern New Jersey – of individual patients against the patients' various insurance companies – here, Defendant Anthem Blue Cross Blue Shield.  Those purported assignees claim that the insurance companies wrongfully denied requests for payment of benefits under the patients' health insurance policies, and consequently, bills for services were not paid, or not fully paid.

Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  For the reasons stated herein, the motion will be granted in part, denied in part, and denied as moot in part.

**I.**

Patient, Micah V., is insured as a participant in a health benefits plan ("Plan") provided by Defendant.  From September 1, 2014, through September 26, 2014, Patient underwent acute care medical treatment in Plaintiff's facility.  Specifically, Patient was transferred to Plaintiff's facility for further management following a complex hospital course of treatment involving respiratory failure and a tracheostomy procedure.  Plaintiff obtained an assignment of benefits ("AOB") from Patient.

Subsequently, Plaintiff prepared and submitted a Health Insurance Claim Form ("HICF") demanding reimbursement in the amount of $248,902.97 for the medically necessary services

rendered to Patient. In response to the HICF, Defendant issued payment in the amount of only $69,849.57. Taking into account any known deductibles, copayments, and coinsurance, Plaintiff claims that Defendant's reimbursement amounts to an underpayment of $179,053.40. Plaintiff claims that it adhered to the proper appeals process to no avail, giving rise to this action for relief.

The complaint asserts four claims: Count One - breach of contract; Count Two – failure to make all payments in violation of 29 U.S.C. § 1132(a)(1)(B); Count Three - breach of fiduciary duty in violation of 29 U.S.C. § 1132(a)(3)(B); and Count Four - failure to maintain a reasonable claims process pursuant to 29 C.F.R. 2560.503-1. Defendant has moved to dismiss Plaintiff's case on various bases, including lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has opposed Defendant's motion, except for the dismissal of Count One, which claim Plaintiff agrees to dismiss.

## II.

Pursuant to the Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." There are two types of Rule 12(b)(1) motions: one which presents a facial challenge, and one which presents a factual challenge. See Constitution Party of Pennsylvania v.

Aichele, 757 F.3d 347, 358 (3d Cir. 2014); Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. Mortensen, 549 F.2d at 891. "When considering a facial attack, 'the Court must consider the allegations of the complaint as true,' and in that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion." Petruska, 462 F.3d at 302 n.3 (citing Mortensen, 549 F.2d at 891). By contrast, when an attack is a factual one, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891; see also Aichele, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well

settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009)("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

**III.**

Defendant asserts the following arguments: (1) the breach of contract claim – Count One in Plaintiff's complaint - is preempted by ERISA; (2) Plaintiff lacks standing because the applicable ERISA plan contains an anti-assignment clause; (3) Plaintiff failed to exhaust its administrative remedies under the Plan; (4) Count Three – breach of fiduciary duty - must be dismissed because it seeks only legal, monetary relief that is duplicative of the claim for benefits, and a breach of fiduciary duty under ERISA permits only equitable relief; and (5) Count Four, violation of 29 C.F.R. 2560.503-1, fails to state a claim.

**1. Count One - Breach of Contract**

Plaintiff agrees to voluntarily dismiss the breach of contract count. The Court will dismiss this claim pursuant to Fed. R. Civ. P. 41(a), and Defendant's motion to dismiss Count One will be denied as moot.

**2. Defendant's standing argument**

Even though it has been held that rights to pursue ERISA claims may be validly assigned, see Atlantic Orthopaedic Associates, LLC v. Blue Cross, 2016 WL 889562, at *3 (D.N.J. 2016) (citing American Chiropractic Ass'n v. American Specialty Health Inc., 625 F. App'x 169 (3d Cir. 2015), Defendant argues that the rights were not validly assigned to Plaintiff in this case. Defendant argues that only participants and beneficiaries

6

have standing to bring claims based on the denial of ERISA benefits, and Plaintiff is not a participant or beneficiary because the assignment of benefits Patient provided to Plaintiff is void under the Plan's anti-assignment clause, which provides:

> Payment of Benefits
>
> You authorize the Plan to make payments directly to Providers for Covered Services. Payments may also be made to, and notice regarding the receipt and/or adjudication of claims sent to, an Alternate Recipient (any child of a Subscriber who is recognized, under a Qualified Medical Child Support Order (QMSCO), as having a right to enrollment under the Employer's Plan), or that person's custodial parent or designated representative. Any payments made by the Plan will discharge the Plan's obligation to pay for Covered Services. You cannot assign your right to receive payment to anyone else, except as required by a "Qualified Medical Child Support Order" as defined by ERISA or any applicable state law. Once a Provider performs a Covered Service, the Plan will not honor a request to withhold payment of the claims submitted.

(Docket No. 19 at 12.)

Defendant argues that the language "You cannot assign your right to receive payment to anyone else" invalidates Patient's assignment to Plaintiff, and therefore causes Plaintiff to lack standing to sue for benefits.

Plaintiff counters that this provision is not an anti-assignment clause because the section is called "Payment of Benefits," rather than a specific anti-assignment provision. Plaintiff also argues that the language, "You authorize the Plan to make payments directly to Providers for Covered Services"

7

permits Patient's assignment of benefits to Plaintiff. Plaintiff further argues that the language "anyone else" in the "You cannot assign your right to receive payment to anyone else" phrase does not refer to the healthcare provider, but instead refers to anyone but the healthcare provider.

In addition to the language of the Plan which Plaintiff claims permits the AOB, Plaintiff argues that the course of dealings with Defendant evidences that Defendant waived the enforcement of any anti-assignment provision, if such a provision were deemed to exist in the Plan. Plaintiff supports this argument with a series of communications between Plaintiff and Defendant about how Plaintiff was to be paid, and then actual payments made to Defendant.

Finally, to the extent that the Plan language is not clear, Plaintiff argues that the ambiguousness of the provision renders it unenforceable, or at a minimum precludes a resolution as to the provision's interpretation on a Rule 12 motion.

Defendant's defense cannot be decided on a motion to dismiss because it implicates matters outside of the pleadings, including the parties' differing interpretations of the "Payment of Benefits" provision, and the impact of the parties' course of dealing on that interpretation. The determination of whether the Plan permitted Patient to validly assign his rights under the Plan to Plaintiff must be decided on a more complete record.

Cf. Shah v. Horizon Blue Cross Blue Shield of Massachusetts, 2017 WL 1745608, at *2 (D.N.J. 2017) (making the same determination); Atlantic Orthopaedic Associates, 2016 WL 889562, at *3 (declining to rule on a motion to dismiss that an anti-assignment clause was or was not waived by a course of dealing, explaining that the issue must be "explored further in discovery"); Drzala v. Horizon Blue Cross Blue Shield, 2016 WL 2932545, at *4 (D.N.J. 2016) (denying a Plan's motion to dismiss for lack of standing based on an anti-assignment clause because the clause in the Plan left the reader guessing and it was therefore not unambiguous as a matter of law so that it could be deciphered on a motion to dismiss).[2]

Accordingly, Defendant's motion to dismiss on the basis of Plaintiff's asserted lack of standing will be denied.

---

[2] The Court recognizes that the determination of whether these types of cases should be dismissed at the motion to dismiss stage on the interpretation of an ERISA plan's purported anti-assignment provision varies throughout the District. From the Court's review of the cases, although the anti-assignment clauses at issue are similar, they are not identical, and it is therefore unlikely one rule will apply uniformly to all these matters. Moreover, even though similar or the same anti-assignment clauses may be presented in different cases, while persuasive, no one district court's decision on the issue is binding on another district court. In the instances that this Court has been tasked to assess an anti-assignment provision by way of a motion to dismiss, the Court has looked at each case individually to determine whether dismissal is appropriate, which is the course that should be followed in any type of case.

### 3. Defendant's limitations period argument

Similarly, Defendant's argument that this suit is untimely implicates matters outside the pleadings, such as whether Defendant failed to inform Plaintiff or Patient of the plan-imposed deadline for judicial review. Thus, Defendant's timeliness defense is more appropriately addressed at summary judgment. See Shah, 2017 WL 1745608, at *2 (making the same determination).

### 4. Count Three - breach of fiduciary duty in violation of 29 U.S.C. § 1132(a)(3)(B)

Defendant argues that this claim must be dismissed because it seeks only legal, monetary relief that is duplicative of the claim for benefits, while a breach of fiduciary duty under ERISA permits only equitable relief. Plaintiff points out, however, that this claim's "wherefore" clause seeks "other and further relief as the Court may deem just and equitable." (Compl. ¶ 38.) The Court finds that dismissal of a breach of fiduciary claim on a motion to dismiss is not appropriate, which is in line with many other cases in this district, as well as being in line with the denial of Defendant's motion on the assignment of benefits issue. See Shah v. Aetna, 2017 WL 2918943, at *2 (D.N.J. 2017) (collecting cases) ("The Court agrees with Dr. Shah, and with other courts in this District, that dismissal of

an ERISA breach of fiduciary duty claim on this basis is not appropriate at this early procedural stage.").

**5. Count Four (violation of 29 C.F.R. 2560.503-1)**

"29 C.F.R. 2560.503-1 does not give rise to a private right of action." Shah, 2017 WL 1745608, at *2; Shah, 2017 WL 2918943, at *3. Accordingly, Defendant's motion to dismiss Count Four will be granted.

**IV.**

For the reasons set forth above, Count One of the Complaint will be dismissed pursuant to Fed. R. Civ. P. 41(a), and Defendant's motion to dismiss Count One will be denied as moot. Defendant's motion to dismiss will be granted as to Count Four, but denied in all other respects.

An appropriate Order accompanies this Opinion.


Date:  August 7, 2017           s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

11